A. G. FILE No.

C
O
P
Y

Dr. N. D. Buie, Member
State Board of Medical Examiners
Marlin, Texas

Dear Sir:

> Opinion No. 0-866
> Re:  Interpretation Articles
>      4500, 4501 and 4504, Re-
>      vised Civil Statutes.

Your request for a construction of the above
Articles of our Revised Civil Statutes as they affect
situations outlined in your letter, has been receiv-
this department.

Your first inquire if the Board of Medical Ex-
aminers has authority to issue an unlimited license under
Article 4500, Revised Civil Statutes, to one not having
such a license in the state licensing him.  In opinion
No. 0-379 by this department, written to Dr. Crow, Sec-
retary of the Board of Medical Examiners, on May 10,
1939, we held that the Board of Medical Examiners has
no such authority.

While Texas requires that all applicants for a
license to practice medicine take the same examination,
it gives only a general examination and those licensed
here are given an unlimited license.  Prior to the recent
amendment of Article 4501, Revised Civil Statutes, one
special examination was authorized by law.  Those persons
desiring to practice only obstetrics were given a special
examination.  Since its amendment Article 4501, Revised
Civil Statutes, makes no provision for any examination,
but a general medical examination.  Article 4503, Revis-
ed Civil Statutes, specifically requires that all appli-
cants examined at the same time shall be given identical
questions.

Article 16, Section 31 of the Texas Constitu-
tion provides that:

> "The Legislature may pass laws prescribing
> the qualifications of practitioners of medicine
> in this state and to punish persons for malprac-
> tice."

Dr. N. D. Buie, June 1, 1939, Page 2.


The Legislature has expressed its desire in Article 4501, Revised Civil Statutes, by forbidding the Board to issue a license to a person from another state that has only a limited license in the state licensing him.

The limit to the legislative power to impose conditions upon the right to practice medicine is that they be reasonable. 48 Corpus Jur., p. 1068.

In our opinion it is entirely reasonable for the Legislature to say that no person shall avail himself of our reciprocal issuance of an unlimited license unless he has an unlimited license. To permit the Board to do otherwise would enable many persons to practice in Texas some of the various phases of medicine that they are obviously unprepared to practice. The public might be materially harmed by such a procedure. This requirement does not prevent such an applicant from practicing medicine in this state, but merely denies the Board authority to issue a license as a reciprocal privilege. The applicant may apply to the Board to take the examination; if qualified to take the examination and provided he passes he will then be issued a general license to practice medicine in this state. His license will be the same type of license issued to all practitioners in the state.

The Legislature has given your Board authority to make this limitation upon applicants for a license under a reciprocal license grant and your Board does not have authority to issue an unlimited license to any persons not having an unlimited license in the state in which he is licensed.

Your second question relates to Article 4501 of our Revised Civil Statutes, the first sentence of which reads as follows:

"All applicants for license to practice medicine in this state not otherwise licensed under the provisions of law must successfully pass an examination by the Board of Medical Examiners."

You asked if this sentence may be interpreted to mean un-

der the provisions of "this law." Our statutes on the practice of medicine provide two methods of securing a license to practice medicine in this state. Article 4500, Revised Civil Statutes, deals with reciprocal license granted by the Board of Medical Examiners. It sets forth the requirements and conditions necessary for such licenses to applicants not required to take the examination of the Board of Medical Examiners. The Legislature in Article 4501, Revised Civil Statutes, intended to and did set forth the requirements of those persons desiring to practice medicine in Texas on examination by the Board. While the words of law are used, we think the Legislature undoubtedly referred to "of this law" for it is a preliminary statement to setting out the requirements of an applicant for the examination - the other method of securing a license. It is a part of the same act. An established rule of construction is that in order to arrive at a proper construction of a statute, and determine the ex-legislative intent, all acts and parts of acts in pari materia will, therefore, be taken, read and construed together, each enactment in reference to the other, as though they were part of the same law. See 39 Tex. Jur. pp. 254-255.

We, therefore, answer your second question by saying that the construction you give to the first sentence of Article 4501, Revised Civil Statutes, that the Legislature meant "otherwise licensed under the provisions of this law" is a reasonable one and one that may be fairly given as the intention of the Legislature.

Your question in ] 3 asks if the Board has authority under the statutes to say when the sixty (60) hour college credits, referred to in article 4501, Revised Civil Statutes, shall be presented to the University of Texas for approval. May this be done before or after graduation from medical school, and must the credit be acquired prior to entrance to medical school?

Article 4501, Revised Civil Statutes, recites that the applicant shall have sixty (60) semester hours of college courses, other than in a medical school, which courses would be acceptable, at the time of completing same to the University of Texas for credit on a Bachelor of Arts or Bachelor of Science Degree. It does not say when said courses shall be taken nor completed, but required

Dr. N. D. Buie, June 1, 1939, Page 4

only that they be acceptable at the time of completion of same. The statute does not authorize your Board to make a requirement as to when the courses shall be completed, if they are acceptable as and when required by this article.

This amendment does not forbid medical schools making such entrance requirements as they desire, but insofar as the state law is applicable they do not have to maintain the requirements of Article 4501, Revised Civil Statutes, as it read prior to its amendment by the Forty-sixth Legislature. Article 4501, Revised Civil Statutes, as amended, has superceded the previous identical article and the requirements of that section are no longer mandatory upon the medical schools of the state. While the intention of the Legislature may not have been to permit the college credit to be acquired at any time, we cannot find any basis for any other construction.

Under your numbered 1-4, your request appears to ask if the Board can legally construe Article 4501, Revised Civil Statutes, the final sentence of which reads as follows:

"Provided further that all students regularly enrolled in medical schools, whose graduates are now permitted to take the medical examination now prescribed by law in this state shall upon the completion of their medical college courses be permitted to take the examination prescribed herein."

to read medical schools "of the United States." Article 4501, Revised Civil Statutes, as enacted prior to this amendment did not require the applicant for examination to be from a medical school of the United States.

Article 4500, Revised Civil Statutes, prior to its recent amendment, authorized the issuance of a license under state reciprocal arrangements to graduates of reputable medical schools and other named licentiates. The discretion of the Board to issue the license was not restricted to graduates of medical schools of the United States. Your letter indicates that the history of the Board shows that applicants from non-citizens and foreign schools were given the examination. Article 4501, Revised

Civil Statutes, as now written, has no territorial limit. For a sound and reasonable construction we must look to the act prior to its amendment and to the history of the Board's construction of that article. We do not find that the Board has heretofore read any territorial limit into this article. Insofar as that phase of the article is concerned, we think the meaning of the statute is clear and an attempt to read into it "of the United States", would be placing an unreasonable construction on that portion of the statute, especially in view of the past wording and the history of its construction.

You also asked if the terms of this article, permitting those students now regularly enrolled in medical schools to take the examination, may be construed to require that the applicant take the examination "immediately following graduation - in the same or following year".

The right to practice medicine in this state is not an inalienable right. See Lewis v. State, 155 SW 523. And the Legislature has the authority to enact statutes of qualifications and reasonable requirements for those persons desiring to practice medicine. See 33 Tex. Jur., p. 295. The Legislature has said in Article 4501, Revised Civil Statutes, that those graduates now permitted to take the examination now prescribed by law in this state shall upon completion of their medical college courses be permitted to take the examination prescribed herein.

The Legislature, in enacting Article 4501, did not see fit to fix a time within which the applicant must take the examination. If the graduate delays taking the examination he takes the risk of facing a more rigid examination when he does take it. He cannot secure a license without taking the examination, and in that way the public is protected. The Legislature established the right in a graduate to take the examination, by completion of the courses of approved schools; since they did not set a time limit we cannot read such a requirement into the statute. In our opinion your Board cannot require the examination to be taken immediately or within a year after graduation.

We do not construe the sentence quoted to have any restriction as to evidence of citizenship. We think we have sufficiently detailed our construction of this ar-

ticle, with relation to territorial limitation. The sentence quoted on page 3 cannot, in our opinion, limit the examination to applicants of medical schools of the United States.

We now consider your question No. 5 as to the authority of the Board to refuse applicants permission to take the examination because they lack evidence of citizenship in this country.

The Fourteenth Amendment to the Constitution of the United States reads, in part, as follows:

"All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

Article 1, Section 3 of our Texas Constitution reads as follows:

"All free men, when they form a social compact, have equal rights, and no man, or set of men, is entitled to exclusive separate public emoluments, or privileges, but in consideration of public service."

LAWRENCE v. BRIRY, 132 N.E. 174

"The right to pursue an occupation such as the practice of medicine is both a liberty and a property and is protected from unwarranted interference by the Constitution of the United States, Fourteenth Amendment, Section 1."

3 CORPUS JUR. SECUNDUM, P. 529, Sec. 7:

"Resident aliens are entitled to the enjoyment of many personal and property rights and

privileges, including usually the rights to en-
gage in gainful occupation, to the same extent
as citizens". See Anton v. Van Winkle, 297 Fed.
340.

### 27 TEX. JUP. LICENSES, SEC. 25, p. 674:

"In the enactment of license laws, the
state must observe the equal 'protection' clause
of the Federal Constitution, which corresponds
to the provision of the Constitution of Texas
guaranteeing equality of rights to all persons.
The guaranty of the Fourteenth Amendment is ap-
plicable to all persons within the territorial
jurisdiction of the state, including aliens."

The term "any person" as used in the Fourteenth
Amendment has been construed to include aliens.

Traux v. Reich 60 L. Ed. 131;
Colver v. Skeffington, 265 Fed., p. 17.

While aliens are not entitled to all of the priv-
ileges of citizens, such as the right to vote, to hold of-
fice or act as a guardian of minor, we have found no au-
thority to support the denial of the right to take the
medical examination because of lack of evidence of citi-
zenship.

Is there a reasonable basis for a classification
here?

"It is a general rule that legislation
which affects all persons alike pursuing the
same occupation, under the same conditions is
not such class legislation as is prohibited by
consitutional provisions". 6 R.C.L., p. 399.

Justification of classification does require
that it not be arbitrary or unreasonable, but based upon
a real or substantial difference having relation to the
subject of the particular enactment.

The Legislature has attempted to establish a
class of persons entitled to take the medical examination

Dr. N. D. Buie, June 1, 1939, Page 8

based not upon their qualifications, but upon citizenship.
Article 4501 arbitrarily denies persons lacking citizen-
ship the opportunity to prove to the satisfaction of the
Board the reputablility of the school from which they grad-
uated. The nature and extent of the qualification of the
applicant to practice medicine is the constitutional basis
of the state's right to require a license of the members
of the medical profession. To arbitrarily say you cannot
prove your qualifications to practice medicine because you
are not a citizen of the United States, in our opinion,
is a denial of our constitutional guaranties and there is
no reasonable relation between this requirement, and the
class it attempts to create.

We think your Board correctly presumes that those
four applicants mentioned as failures in your letter, |
numbered 5, are entitled to re-examination. They were
admitted as applicants under article 4501 prior to its
amendment and that article gave them the right to subse-
quent examination, if they failed upon the first examina-
tion. Article 4501, as now written, also permits a second
examination, saying they shall be permitted to take a sub-
sequent examination at such time as the Board may fix.

In your letter of request, | numbered 6, you
ask what restraint your Board may exercise over the activ-
ities of churches or religious groups that adopt as a tenet
the healing of the physically or mentally ill. We attempt-
ed to answer that question in our opinion of May 10, 1939,
No. O-579, to Dr. Crowe, Secretary of the Board of Medical
Examiners. We enclose a copy of that opinion. We will
add, however, that Article 4501 does not attempt to repeal
Article 4510, Revised Civil Statutes. The definition giv-
en in Article 4510, Revised Civil Statutes, of what may
be considered the practice of medicine is still the test
to be applied.

In the footnote of your request you asked if
an applicant of New York State licensed in that state is
affected by the statute now identified as 4500a.

"Article 4500a. The Board of Medical Ex-
aminers shall not, under the provisions of Ar-
ticle 4500, grant a license to practice medicine
to any applicant whose authority to practice
medicine in any other nation or country was

granted by a nation or country, in which a similar law in reference to granting license to practice medicine under a reciprocal arrangement does not exist in favor of physicians of this State."

The applicant referred to is not affected by the requirement made in Article 4500a for he is licensed by the state of New York. This article affects only licentiates of other "nations and countries" and not of "states". The authority of the Board to issue him a license is based on Article 4500, Revised Civil Statutes, and the article quoted above bears no relation to this applicant.

We trust these answers will assist you in administering the law under the amended articles 4500, 4500a, 4501, and 4504.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Morris Hodges
Assistant

MH:omb

APPROVED
/s/ Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION COMMITTEE
BY H. O. B.
CHAIRMAN